IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**DRAYTON D. BERKLEY,**

   **Plaintiff,**

v.                   Case 2:12-cv-02642-JTF-cgc

**DEUTSCHE BANK NATIONAL
TRUST COMPANY; WEISSMAN,
NOWACK, CURRY & WILCO, P.C.;
and FREMONT HOME LOAN TRUST;**

   **Defendants.**

**REPORT AND RECOMMENDATION ON DEFENDANT WEISSMAN, NOWACK,
CURRY & WILCO, P.C.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

   Before the Court is Defendant Weissman, Nowack, Curry, and Wilco, P.C.'s ("Weissman") Motion to Dismiss Plaintiff's Complaint. (Docket Entry "D.E." #8). The instant motion was referred to the United States Magistrate Judge for Report and Recommendation. (D.E. #22). For the reasons set forth herein, it is recommended that Weissman's Motion to Dismiss Plaintiff's Complaint be GRANTED.

**I. Background**

   On or about December 11, 2003, Plaintiff acquired real property located at 1117 West Red Fern, Cordova, Tennessee by Warranty Deed. (Compl. ¶ 5 & Exh. A). Plaintiff financed the real estate acquisition with a loan from Fremont Investment and Loan ("Fremont") secured by a Deed of Trust. (Compl. ¶ 6 & Exh. B). Defendant Deutsche Bank National Trust Company ("Deutsche Bank") served as Trustee. (Compl. ¶ 2).

1

The Deed of Trust provides in pertinent part as follows regarding acceleration:

Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument . . . .

(Compl., Exh. B ¶ 22).

The Deed of Trust provides in pertinent part as follows regarding substitution of trustee:

Substitute Trustee. Lender, at its option may from time to time remove Trustee and appoint a successor Trustee to any Trustee appointed hereunder by an instrument recorded in the county in which this Security Instrument is recorded.

(Compl., Exh. B ¶ 24).

On June 6, 2012, Weissman mailed a Notice of Foreclosure Sale and a Debt Validation letter. (Compl. ¶ 9 & Exhs. C & D). On or about June 22, 2012, and June 29, 2012, Weissman caused the Notice of Trustee's sale to be published in *The Daily News,* with an additional scheduled publication date of July 6, 2012. (Compl. ¶ 10). The foreclosure sale was scheduled for July 17, 2012 at or about 1:00 p.m. at the Shelby County Courthouse, 140 Adams Street, Memphis, Tennessee, 38103. (Compl. ¶ 12). On July 9, 2012, Plaintiff filed a Complaint for Declaratory Relief, Temporary Restraining Order, Temporary Injunction, Permanent Injunction, and Attorneys Fees in the Chancery Court of Shelby County Tennessee for the Thirtieth Judicial District at Memphis. On July 19, 2012, Defendants removed to this Court.

## II. Proposed Legal Standard[1]

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed

---

[1] Plaintiff alleges that this Court must consider his Complaint pursuant to the Tennessee Rules of Civil Procedure. (Pl.'s Resp. at 2). Rule 81 of the Federal Rules of Civil Procedure, which governs cases removed from state court, unambiguously states that the Federal Rules of Civil Procedure apply to a civil action after it is removed. Fed. R. Civ. P. 81(c).

2

for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S.

3

97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

## III. Proposed Conclusions of Law

### a. Count I[2]

Count I of Plaintiff's Complaint alleges that the 2006 amendments to Tennessee Code Annotated Section 35-5-114 violate Article I, Section 20 of the Tennessee Constitution. (Compl. ¶¶ 14-15). Count I further alleges that the provisions of Tennessee Code Annotated Section 35-5-114 as in effect on December 11, 2003, when Plaintiff purchased the real property, apply to his Deed of Trust. (*Id.*). Weissman responds that the Tennessee Attorney General has already determined that the 2006 amendments apply retroactively and that Plaintiff has not articulated that the statutory change impaired any of his rights.

The 2006 amendments to Section 35-5-114 designated the then-existing statutory language

---

[2] Beginning with Count VI of Plaintiff's Complaint, the counts are misnumbered in the title but are correct by roman numerals. The Court will utilize the roman numerals to refer to the counts.

as Subsection (a) and added new language designated as Subsections (b), (c), and (d). At issue in Plaintiff's case is Subsection (b)(1), which provides as follows: "The beneficiary may, unless the deed of trust contains specific language to the contrary, appoint a successor trustee at any time by filing a substitution of trustee for record with the register of deeds of the county in which the property is situated." Tenn. Code. Ann. § 35-5-114(b)(1).

Article I, Section 20 of the Tennessee Constitution provides that "no retrospective law, or law impairing the obligations of contracts, shall be made." Tenn. Const. Art. I, § 20. The Tennessee Supreme Court has interpreted this provision to permit retroactive "procedural" amendments but not retroactive "remedial" amendments. *Doe v. Sundquist*, 2 S.W.3d 919, 923 (Tenn. 1999). On January 14, 2008, the Office of the Attorney General for the State of Tennessee issued an opinion addressing the constitutionality of the 2006 amendments to Tennessee Code Annotated Section 35-5-114(b)(1) and opined that "the act applies to any appointment of a successor trustee on or after July 1, 2006, under any mortgage, regardless of the date the mortgage became effective." Op. Tenn. Att'y. Gen. No. 08-04 (Jan. 14, 2008), 2008 WL 351899, at *3. While opinions of the Attorney General are not binding upon courts, they are entitled "considerable deference." *State v. Black*, 897 S.W.2d 680, 683 (Tenn. 1995).

Ultimately, although Tennessee Code Annotated Section 35-5-114 has been amended since Plaintiff's real estate transaction, Plaintiff has failed to allege any injury as a result of the amendments to state a claim upon which relief may be granted in this Court. As Weissman correctly notes, the Deed of Trust permits the lender to remove a trustee and appoint a successor trustee so long as an instrument is recorded in the county in which the Security Instrument is recorded. (Compl., Exh. 2 ¶ 24). Tennessee law in 2003 did not contain any provision regarding appointment

5

of successor trustee, and, thus, the Deed of Trust governed Plaintiff's rights. Tennessee law, as amended in 2006, allows the beneficiary to appoint a successor trustee at any time by filing a substitution of trustee for record with the register of deeds of the county in which the property is situated, unless the deed of trust contains specific language to the contrary. Tenn. Code Ann. § 35-5-114(b)(1). Thus, under the Deed of Trust as Plaintiff signed in 2003 along with Tennessee law in 2003, or under the amended Tennessee law, the lender may appoint a successor trustee. Plaintiff's Deed of Trust contains no specific language contrary to Tennessee law, and thus, Plaintiff has not been adversely affected by the 2006 amendments.

It appears that Plaintiff's sole remaining argument is that Weissman's appointment as successor trustee was not recorded before it published and transmitted the Notice of Foreclosure Sale on June 6, 2012 and the June 22, 2012, and June 29, 2012 Notice of Trustee's Sale. Yet the Deed of Trust contains no requirement as to when the instrument must be recorded, nor did Tennessee law in 2003. The 2006 amendments state as follows:

> (3)(A) In the event the substitution of trustee is not recorded prior to the first date of publication by the substitute trustee, the beneficiary shall include in the substitution of trustee instrument, which shall be recorded prior to the deed evidencing sale, the following statement:
>
>> Beneficiary has appointed the substitute trustee prior to the first notice of publication as required by T.C.A. § 35-5-101 and ratifies and confirms all actions taken by the substitute trustee subsequent to the date of substitution and prior to the recording of this substitution.
>
> (B) Once a substitution of trustee instrument containing the statement set forth in subdivision (b)(3)(A) is timely recorded, it shall act as conclusive proof as a matter of law that the substitute trustee has been timely appointed and has acted with authority of the beneficiary.

Tenn. Code Ann. § 35-5-114(b)(3)(A)-(B).

While the 2006 amendments do set forth details about the timing of the recording of the

6

substitute trustee that were not in Plaintiff's Deed of Trust or in the 2003 law, they are a moot point in Plaintiff's case. Under both Plaintiff's Deed of Trust and the 2003 law, there was no timing requirement whatsoever, especially none that stated, as Plaintiff wishes, that the successor trustee must be recorded before filing the Notice of Foreclosure Sale or Notice of Trustee Sale. The 2006 amendments are consistent with the Deed of Trust and the 2003 law in that they also do not require a successor trustee to be recorded before filing the Notice of Foreclosure Sale or Notice of Trustee Sale. The 2006 amendments only prescribe the latest point at which the successor trustee must be reported and an affirmation that must be made at that point. *See* Tenn. Code Ann. § 35-5-114(b)(3)(A). This point is when the deed evidencing sale is recorded, which Plaintiff does not allege has occurred and Defendants affirmatively state has not occurred. Thus, the amendment, which clarifies the latest date at which a successor trustee must be reported, has not affected Plaintiff's rights.

In sum, the 2006 amendments do not alter either the requirement that the successor trustee be recorded or the fact that such recording is not required at the time of the Notice of Foreclosure Sale or Notice of Trustee Sale. As such, Plaintiff has failed to state a claim upon which relief may be granted, and it is recommended that Weissman's Motion to Dismiss Count I be GRANTED.

   **b. Count II**

Count II of Plaintiff's Complaint alleges that Weissman, the substitute trustee, has no standing to publish notice of trustee's sale or conduct a foreclosure sale. (Compl. ¶¶ 17-20). Specifically, Plaintiff alleges that no valid appointment of Weissman as substitute trustee had been filed with the Shelby County Register of Deeds prior to the publication of the Notice of Trustee's Sale, which he contends is in violation of Paragraph 24 of the Deed of Trust. (*Id.*). Weissman

responds that the Deed of Trust does not specify when the instrument recording the substitution of trustee must be recorded and that Tennessee law only requires that, in the event the substitution of trustee is not recorded prior to the first date of publication by the substitute trustee, the instrument must be recorded prior to the deed evidencing sale and contain certain statutory language as set forth in Section 35-5-114(b)(3)(A).

The Court has already addressed this issue in its analysis of Count I and concluded that there is no requirement that the substitute trustee be recorded prior to publishing a notice of trustee's sale or conducting a foreclosure sale. Accordingly, Plaintiff has failed to state a claim upon which relief may be granted, and it is recommended that Weissman's Motion to Dismiss Count II be GRANTED.

### c. Count III

Count III of Plaintiff's Complaint alleges that Deutsche Bank and Fremont do not have "valid title or assignee rights in the promissory note, underlying debt, and obligations which secure the Deed of Trust" and that the "assignment of the deed of trust without the assignment of the corresponding promissory note, debt or obligation is a nullity and void." (Compl. ¶ 20). Weissman responds that these conclusory allegations contain no factual support.

Upon review, it is not clear to the Court whether Count III even intends to allege a cause of action against Weissman, as Plaintiff does not mention Weissman in this count. Despite not mentioning Weissman, it appears that Plaintiff may contend that neither Deutsche Bank nor Fremont acted validly with respect to his mortgage and, as such, could not have validly appointed a successor trustee. Plaintiff provides no factual allegations to support his conclusory allegations that Deutsche Bank and Fremont did not have "valid title or assignee rights." As such, Plaintiff has failed to allege that any failure on Deutsche Bank or Fremont's behalf rendered Weissman's appointment as

successor trustee invalid. As already discussed with respect to Counts I and II, Weissman's appointment was in accordance with Tennessee law and the Deed of Trust. Absent any other further allegations to the contrary, Plaintiff has failed to state a claim upon which relief may be granted, and it is recommended that Weissman's Motion to Dismiss Count III be GRANTED.

### d. Count IV

Count IV of Plaintiff's Complaint alleges that Deutsche Bank and Fremont "do not have standing regarding the Deed of Trust" and that, without standing, "these entities had no power to instruct or direct [Weissman] or any other entity." (Compl. ¶22). For the same reasons that Count III failed to state a claim upon which relief may be granted, Count IV likewise fails to state a claim. As such, it is recommended that Weissman's Motion to Dismiss Count IV be GRANTED.

### e. Count VIII[3]

Count VIII of Plaintiff's Complaint alleges a violation of the Tennessee Consumer Protection Act ("TCPA"). Specifically, Plaintiff alleges that the actions of Deutsche Bank and Weissman constitute deceptive and unfair acts and practices in violation of Tennessee Code Annotated Section 47-18-104(5), (12), and (27). (Compl. ¶ 30). Weissman responds that Plaintiff has not adequately plead a TCPA violation.

Under Tennessee law, "[i]n order to recover under the TCPA, the plaintiff must prove: (1) that the defendant engaged in an unfair or deceptive act or practice declared unlawful by the TCPA and (2) that the defendant's conduct caused an 'ascertainable loss of money or property, real, personal, or mixed, or any other article, commodity, or thing of value wherever situated . . . .'"

---

[3] The Court will address Counts V-VII, which request injunctive relief, at the conclusion of this Order. *See*, *infra*, Section III.i.

*Tucker v. Sierra Builders*, 180 S.W.3d 109, 115 (Tenn. Ct. App. 2005) (quoting Tenn. Code Ann. § 47-18-109(a)(3)). Plaintiff has referenced the following statutory unfair or deceptive acts or practices: (1) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship approval, status, affiliation or connection that such person does not have, Tenn. Code Ann. § 47-18-104(b)(5); (2) representing that a consumer transaction confers or involves rights, remedies or obligations that it does not have or involve or which are prohibited by law, Tenn. Code Ann. § 47-18-104(b)(12); (3) engaging in any other act or practice which is deceptive to the consumer or to any other person, Tenn. Code Ann. § 47-18-104(b)(27). Weissman argues that Plaintiff has failed to allege, even conclusorily, any unfair or deceptive act or practice.

Upon review of Plaintiff's Complaint, it appears that its sole allegation of Weissman's wrongdoing stems from Plaintiff's contention that Weissman has not been properly appointed as successor trustee. As the Court has already discussed with respect to Counts I-III, Weissman has been duly appointed as successor trustee by the terms of the Deed of Trust and in accordance with Tennessee law. Weissman further argues that Plaintiff has failed to allege that its conduct has caused an ascertainable loss, as the foreclosure sale has not occurred. The Court agrees that Plaintiff's Complaint fails to properly plead this element as well and has, thus, failed to state a claim upon which relief may be granted. Accordingly, it is recommended that Weissman's Motion to Dismiss Count VIII of Plaintiff's Complaint be GRANTED.

### f. Count IX

Count IX of Plaintiff's Complaint alleges that Deutsche Bank and Weissman violated the Racketeering and Corrupt Organizations Act ("RICO"). Specifically, Plaintiff alleges that Deutsche

Bank and Weissman committed mail fraud pursuant to 18 U.S.C. § 1341 and § 1343 with regards to the June 6, 2012 Notice of Foreclosure Sale and the June 22, 2012 and June 29, 2012 Notice of Trustee Sale. (Compl. ¶¶ 32-33).

Plaintiff alleges that Deutsche Bank and Weissman intentionally misrepresented that the entire debt is due when Deutsche Bank "lacks standing to appoint a substitute trustee, or to ratify a previous appointment of substitute trustee and no valid notice of default has been mailed to Plaintiff as required by paragraph 22 of the Deed of Trust." (Compl. ¶ 32). Plaintiff alleges that the notices were "mailed as a classified advertisement (print ad)," published in the "hardcopy version of *The [Daily] News* delivered in the United States Mails (mail)," and published "as a classified ad in the June 22, 2012 and June 29, 2012 internet version (electronic ad) ("wire")" of *The Daily News*. (*Id.*)

Plaintiff alleges that the "RICO Enterprise" consists of Deutsche Bank and Weissman, who he describes as the "RICO Operators," as well as other publishers, individuals, and businesses that are not named Defendants. (Pl.'s Compl. ¶ 33). Plaintiff alleges that Deutsche Bank and Weissman "have conducted a pattern of racketeering activity over the course of this matter" and "have utilized letters and print and electronic advertisements similar to the June 6, 2012 letter and the June 22, 2012 and June 29, 2012 print and electronic ads in over one hundred (100) foreclosures in the last two years." (*Id.*) Plaintiff alleges that "a large number of these communications intentionally misrepresent that Weissman was a validly appointed substitute trustee of record and that [Deutsche Bank] owns the debt(s) in a scheme to defraud the homeowners of their rights to strict compliance with the terms of the Deeds of Trust, rights to quiet enjoyment, and right to equity." (*Id.*) Plaintiff states that this "conduct also constitutes a pattern of racketeering activity of the RICO Operators in

general . . . ." (*Id.*) Weissman responds that Plaintiff has failed to plead a RICO violation with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

Under the RICO statutes, there are several prohibited activities, as set forth in 18 U.S.C. Section 1962(a)-(d). Plaintiff's Complaint does not specify which provision he alleges that Weissman and Deutsche Bank have violated.[4] However, all prohibited activities under RICO require the commission of, or the conspiracy to commit, a "pattern of racketeering activity." 18 U.S.C. 1962(a)-(d). "Racketeering activity" is defined in 18 U.S.C. Section 1961(1)(B) as "any act which is indictable" under certain provisions of Title 18 of the United States Code, including mail fraud under Section 1341 or wire fraud under Section 1343. 18 U.S.C. § 1961(1)(B). A "pattern of racketeering activity" requires "at least two acts of racketeering activity . . . ." 18 U.S.C. Section 1961(5). When pleading predicate acts of mail or wire fraud, in order to satisfy the heightened pleading requirements of Rule 9(b), a plaintiff must (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent. *Heinrick v. Waiting Angels Adoption Services, Inc.*, 668 F.3d 393, 404-405 (6th Cir. 2012) (quoting *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008)).

Plaintiff has attempted to allege a pattern of racketeering activity by stating that Weissman and Deutsche Bank have utilized similar letters and print and electronic advertisements in over one

---

[4] Weissman's Motion to Dismiss argues that Plaintiff intends to allege a violation of 18 U.S.C. § 1962(c), which provides as follows: "It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). Plaintiff's Response also references Section 1962(c).

12

hundred foreclosures in the last two years. Plaintiff states that a "large number" of these communications "intentionally misprepresent" that Weissman was successor trustee and that Deutsche Bank owns the debt. Despite these vague allegations, Plaintiff's Complaint does not state when and where the alleged statements were made, nor does Plaintiff's Complaint explain why the statements were fraudulent. Further, with respect to this final requirement, it appears that Plaintiff conclusorily alleges that, simply because Weissman has been appointed successor trustee in other cases, and Plaintiff believes that Weissman could not have properly been appointed successor trustee with respect to his debt, that there is necessarily fraudulent conduct in these other matters. However, Plaintiff has not plead any facts whatsoever to establish that any prior letters and print and electronic advertisements were fraudulent. As such, Plaintiff has failed to plead the central element of a RICO claim by failing to plead a pattern of racketeering activity. Thus, it is recommended that Weissman's Motion to Dismiss Count IX of Plaintiff's Complaint be GRANTED.

### g. Count X

Count X of Plaintiff's Complaint alleges that Deutsche Bank and Weissman committed malicious libel. Specifically, Plaintiff alleges that Deutsche Bank and Weissman knew that (1) neither Deutsche Bank or Freeman owned the debt; (2) proper notice of acceleration in accordance with paragraph 22 of the Deed of Trust had not been transmitted; (3) Plaintiff's time to respond to the debt validation letter had not expired; and, (4) Weissman had not been properly appointed as substitute trustee. (Compl. ¶ 35). Plaintiff alleges that Deutsche Bank and Weissman, "with knowledge of the foregoing information or with reckless disregard for the truth, published to [Experian], Equifax, and Transunion negative credit information" and published the Notice of Foreclosure Sale in *The Daily News*. (*Id.*) Plaintiff alleges that these "were false publications of

13

facts to third parties that damaged and will continue to damage" him and "proximately caused him injury . . . ." (*Id.*) Weissman responds that Plaintiff's claim for libel is conclusory and is not supported or supportable by any facts.

Under Tennessee law, defamation is comprised of the "twin torts" of libel and slander; libel involves written defamation and slander involves spoken defamation. *Brown v. MapCo Exp., Inc.*, — S.W.3d —, No. W 2011-01751-COA-R3-CV, 2012 WL 3590379, at *10 (Tenn. Ct. App. 2012) (citations omitted). To prevail on a claim for defamation, the plaintiff must establish that: (1) a party published the statement; (2) with knowledge that the statement is false and defaming to the other; or, (3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement. *Hibdon v. Grabowski*, 195 S.W.3d 48, 58 (Tenn. Ct. App. 2005) (citing *Sullivan v. Baptist Mem. Hosp.*, 995 S.W.2d 569, 571 (Tenn. 1999)). The basis for an action for defamation is that it "has resulted in an injury to the person's character and reputation." *Id.*

Upon review, Plaintiff's allegations as to the ownership of the debt do not pertain to Weissman and need not be addressed on this motion. Plaintiff's allegations that Weissman did not notify him of the acceleration of the debt or provide him time to respond are disproved by his own exhibits. Specifically, Plaintiff has filed as Exhibit C a June 6, 2012 Letter from Weissman, which states in the first sentence that Plaintiff had been notified "[b]y letter dated October 06, 2011 (the "Initial Communication Letter")" that the above-referenced loan might be "referred to a law firm for handling." (Pl.'s Compl., Exh. C). The June 6, 2012 Letter additionally states that the October 6, 2011 letter advised Plaintiff that he could exercise certain rights within thirty days of its receipt. (*Id.*) Plaintiff has not plead that he did respond to dispute the October 6, 2011 notice within thirty days, as was his option. Additionally, as already addressed in Counts I-III and VIII, Plaintiff has

failed to allege any grounds why Weissman has not validly been appointed as successor trustee. Thus, Plaintiff has failed to allege that any statements to credit reporting bureaus or to *The Daily News* for publication were false. Accordingly, Plaintiff has failed to state a claim for libel upon which relief may be granted, and it is recommended that Weissman's Motion to Dismiss Count X be GRANTED.

### h. Count XI

Count XI of Plaintiff's Complaint alleges that Weissman violated the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff states that Weissman's "advertising constitutes an action to collect the debt in violation of the Plaintiff's rights to dispute the debt within the thirty (30) days authorized by 1692g."

Upon review, it is not entirely clear to the Court what statute Plaintiff alleges that Weissman has violated. It appears that Plaintiff alleges a violation of Section 1692G, which is titled "Validation of debts" and sets forth requirements for debt collectors to contact the debtor regarding the debt. Section 1692G provides, in pertinent part, that a debtor must respond to a written notice of debt within thirty days after receipt of the notice if he intends to dispute the validity of the debt or any portion thereof. 15 U.S.C. 1692G(a).

While Plaintiff appears to allege that he was not provided thirty days to dispute his debt, his own exhibits to his Complaint evidence otherwise. Specifically, Plaintiff has filed as Exhibit C a June 6, 2012 Letter from Weissman, which states in the first sentence that Plaintiff had been notified "[b]y letter dated October 06, 2011 (the "Initial Communication Letter")" that the above-referenced loan might be "referred to a law firm for handling." (Pl.'s Compl., Exh. C). The June 6, 2012 Letter additionally states that the October 6, 2011 letter advised Plaintiff that he could exercise certain

15

rights within thirty days of its receipt. (*Id.*) Plaintiff has neither plead nor attached any exhibits to his Complaint demonstrating that he did so. As such, Plaintiff has failed to state a claim under the FDCPA upon which relief may be granted, and it is recommended that Weissman's Motion to Dismiss Count XI be GRANTED.

### i. Counts V-VII

Count V of Plaintiff's Complaint seeks a temporary restraining order. Plaintiff alleges that the actions of Deustche Bank and Weissman have caused and will cause Plaintiff to suffer immediate and irreparably injury—namely, the loss of Plaintiff's right to the equity in the real property, his quiet enjoyment of the real property, and the loss of his residence. Count VI seeks a temporary injunction and Count VII seeks a permanent injunction, both on the same grounds that Plaintiff seeks a temporary restraining order in Count V.

To obtain a temporary restraining order or a preliminary injunction, a court must consider four factors: (1) whether the plaintiff has a strong likelihood of success on the merits; (2) whether the plaintiff would suffer irreparable injury without the injunction; (3) whether the issuance of the injunction would cause substantial harm to others; and, (4) whether the public interest would be served by the issuance of the injunction. *Chabad of Southern Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 432 (6th Cir. 2004). If preliminary injunctive relief is granted, it may be converted to permanent injunctive relief. *United States v. McGee*, 714 F.2d 607, 613 (6th Cir. 1982). As it has been recommended that Plaintiff has failed to state any claims upon which relief may be granted, plaintiff fails to meet any of the four factors for preliminary or temporary injunctive relief, and thus, cannot seek permanent injunctive relief. Accordingly, it is recommended that Weissman's Motion to Dismiss Plaintiff's request for a temporary restraining order, a

preliminary injunction, and a permanent injunction be GRANTED. Additionally, while Plaintiff obtained a temporary restraining order and/or a temporary injunction from state court. For the same reasons that the Court has already concluded that Plaintiff's Complaint seeking injunctive relief must fail, it is further recommended that the injunctive relief granted on July 12, 2012 in state court be dissolved.

## IV. Conclusion

For the reasons set forth herein, it is recommended that Weissman's Motion to Dismiss Plaintiff's Complaint (D.E. #8) be GRANTED.

**DATED** this 10th day of June, 2013.

> s/ Charmiane G. Claxton
> CHARMIANE G. CLAXTON
> UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**