IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**DRAYTON D. BERKLEY,**

      **Plaintiff,**

v.                                                                                          Case 2:12-cv-02642-JTF-cgc

**DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS TRUSTEE
OF FREMONT HOME LOAN TRUST
2004-1, ASSET BACKED CERTIFICATES
SERIES 2004-1; WEISSMAN,
NOWACK, CURRY & WILCO, P.C.;
and FREMONT HOME LOAN TRUST
2004-1 ASSET BACKED CERTIFICATES
SERIES 2004-1;**

      **Defendants.**

### ORDER DENYING DEFENDANT DEUTSCHE BANK'S MOTION TO JOIN DEFENDANT WEISSMAN' NOWACK, CURRY, & WILCO, P.C.'S MOTION TO DISMISS

Before the Court is Defendant Deutsche Bank National Trust Company, as Trustee of Fremont Home Loan Trust 2004-1, asset backed certificates series 2004-1's ("Deutsche Bank") Motion to Join Weissman, Nowack, Curry, and Wilco, P.C.'s ("Weissman") Motion to Dismiss Plaintiff's Complaint ("Motion to Join") (Docket Entry "D.E." #26). Deutsche Bank states that Weissman filed its Motion to Dismiss Plaintiff's Complaint on August 6, 2012; that all pretrial motions were referred to the Magistrate Judge on March 27, 2013; that the Magistrate Judge issued a Report and Recommendation on Weissman's Motion to Dismiss on June 10, 2013, which is currently under consideration by the District Court; and, that Deutsche Bank wishes to "adopt the

relevant arguments contained in co-defendant Weissman's Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law" and wishes to join Weissman's Motion to Dismiss.[1]

As an initial matter, Plaintiff argues that Deutsche Bank's Motion to Join is a "thinly guised attempt to file an initial motion to dismiss," which was required pursuant to the Scheduling Order (D.E. #17) by January 25, 2013.  However, the final dispositive motion deadline was set at July 25, 2013 at the time the instant motion was filed.  It has since been extended to October 25, 2013.  Thus, Deutsche Bank may still file any dispositive motion at this time.

Upon review of the merits of Deutsche Bank's Motion to Join, the Magistrate Judge's Report and Recommendation specifically addressed each of the counts solely as to Weissman.  While the Report and Recommendation mentions any other defendants also alleged to have committed certain violations, including Deutsche Bank where applicable, the Report and Recommendation's proposed conclusions only specifically address the allegations as to Weissman.  This is the case in counts with slightly different allegations as to Weissman and Deutsche Bank (Counts I, II ), no allegations as to Weissman but allegations as to Deutsche Bank (Counts III, IV), similar allegations as to Weissman and Deutsche Bank (Counts V-VII, VIII, IX, X), and no allegations as to Deutsche Bank but allegations as to Weissman (Count XI).  Under these circumstances, the Court finds that the most prudent and clear course is for Deutsche Bank to file a separate motion to dismiss rather that to join in Weissman's pending Motion to Dismiss.

Accordingly, for the reasons set forth herein, Deutsche Bank's Motion to Join Weissman's

---

[1] Deutsche Bank further states that the "parties" were permitted until June 24, 2013 to object to the Report and Recommendation and asserts that they have no objections to the Report and Recommendation.  However, as they were not a party to the Report and Recommendation, they did not have any opportunity to object to it or elect not to object to it.

Motion to Dismiss Plaintiff's Complaint is DENIED.

      **IT IS SO ORDERED** this 8th day of August, 2013.

                                                <u>s/ Charmiane G. Claxton</u>
                                                CHARMIANE G. CLAXTON
                                                UNITED STATES MAGISTRATE JUDGE