IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DRAYTON D. BERKLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:12-cv-02642-JTF-cgc |
| ) | |
| DEUTSCHE BANK NATIONAL ) | |
| TRUST COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ORDER GRANTING DEFENDANT WEISSMAN, NOWACK, CURRY &WILCO, P.C.'s**
**MOTION TO DISMISS**

Before the Court is Defendant's Weissman, Nowack, Curry & Wilco, P.C.'s Motion to Dismiss, filed on August 6, 2013. (D.E. #8). On October 22, 2012, Plaintiff Drayton D. Berkley filed his Response in Opposition to Defendant's Motion to Dismiss. (D.E. #14). On March 27, 2013, this Motion was referred to the Magistrate for Report and Recommendation, pursuant to 28 U.S.C. §§ 631-639. (D.E. #22). On June 10, 2013, the Magistrate entered her Report and Recommendation, recommending that Defendant's Motion to Dismiss be granted. (D.E. #24). Plaintiff filed his Objections to the Report and Recommendation on June 24, 2013. (D.E. #27). After reviewing the Magistrate's Report and Recommendation, Plaintiff's Objections, and the entire record, this Court finds that the Objections should be overruled and the Magistrate's Report and Recommendation should be adopted. Thus, Defendants' Motion to Dismiss is GRANTED.

1

I.     LEGAL STANDARD

A district judge has the discretion to refer dispositive matters to a magistrate judge to conduct a hearing and propose findings of fact and recommendations.  28 U.S.C. § 636(b)(1)(B) ("[A] judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by the judge of court, of any motion excepted in subparagraph (A) [for which a motion for summary judgment, judgment on the pleadings, motion to dismiss, etc. are included]").  The district court judge has the authority to review the magistrate judge's proposed findings of fact and recommendations under a *de novo* determination.  *See* 28 U.S.C. § 636(b)(1)(C); *See e.g. Baker v. Peterson*, 67 Fed.App'x. 308, 311, 2003 WL 21321184 (6th Cir. 2003) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures.  A district court must review dispositive motions under the *de novo* standard."); *U.S. v. Raddatz*, 447 U.S. 667, 676 (1980) (quoting *Matthews v. Weber*, 423 U.S. 261, 275 (1976) ("in providing for a '*de novo* determination' Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.")

II.    ANALYSIS

The Magistrate found that all eleven of Plaintiff's Counts fail to state a claim upon which relief may be granted and that Defendant's Motion to Dismiss should be granted.  The Magistrate analyzed her legal conclusions, pursuant to Federal Rules of Civil Procedure 12(b)(6), Tennessee Code Annotated ("T.C.A.") § 35-5-114, and the Plaintiff's Deed of Trust.  Specifically, the Magistrate found that: 1) The 2006 amendments to the T.C.A. do not alter the requirement that the successor trustee be recorded; 2) there is no requirement that the substitute trustee be

recorded prior to publishing a notice of trustee's sale or conducting a foreclosure sale; 3) Defendant's appointment as successor trustee was in accordance with Tennessee law and the Deed of Trust; 4) Plaintiff did not adequately plead that Defendant violated the Tennessee Consumer Protection Act, the Racketeering and Corrupt Organization Act, Tennessee libel law, or the Fair Debt Collection Practices Act; 5) Plaintiff has failed to meet the requirements for preliminary, temporary, or permanent injunctive relief; and 6) the state court's July 12, 2012 order granting injunctive relief should be dissolved.

Plaintiff timely filed his Objections to the Magistrate's Report and Recommendation on June 24, 2013.  (D.E. #27).  Plaintiff objects to the Magistrate's reliance on Fed. R. Civ. P. 12(b)(6) to analyze Defendant's Motion to Dismiss.  Plaintiff argues that the Court must analyze his Complaint in accordance with the Tennessee Rules of Civil Procedure.  However, as the Magistrate properly found, "Rule 81 of the [Fed. R. Civ. P.], which governs cases removed from state court, unambiguously states that the [Fed. R. Civ. P.] apply to a civil action after it is removed." (D.E. #24, at 2 n. 1).[1]

In the alternative, Plaintiff argues that "*[a]ssuming argue[n]do*, that the federal pleading standard applied, the Plaintiff's objects to the Report's isolated evaluation of the counts of the Complaint as error. . . . The Complaint should be analyzed as a whole. . . ." (D.E. #27, at 2 n. 4). Plaintiff is incorrect. The Supreme Court has often stated that, "[a]s a general matter, if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad." *Jones v. Bock,* 549 U.S. 199, 221 (2007).  Consequently, this Court is not required to analyze Plaintiff's Complaint as a whole.  Therefore, Plaintiff's objections to the Magistrate's application of Fed. R. Civ. P. 12(b)(6) to his Complaint are OVERRULED.

---

[1] Fed. R. Civ. P. 81(c)(1) states that: "[Fed. R. Civ. P.] apply to a civil action after it is removed from a state court."

Plaintiff also objects to the Magistrate's legal conclusions finding that all eleven Counts in his Complaint fail to state a claim upon which relief may be granted. However, Plaintiff fails to support his objections with any additional facts or law, for which this Court can find that Plaintiff has asserted adequate claims against Defendant. Plaintiff reiterates portions of his Response to Defendant's Motion to Dismiss and simply states that he "objects to the proposed legal conclusions" regarding the respective Counts. However, without any substantive objections, this Court finds the Magistrate's legal conclusions to be persuasive and correct. Therefore, Plaintiff's objections are OVERRULED.

### III.  CONCLUSION

For the reasons set forth above, the Court ADOPTS the Magistrate Judge's Report and Recommendation to grant Defendant Weissman, Nowack, Curry & Wilco, P.C.'s Motion to Dismiss. Therefore, Defendant's Motion to Dismiss is GRANTED, and Plaintiff's Complaint is DISMISSED with prejudice as to Defendant Weissman, Nowack, Curry & Wilco, P.C.

IT IS SO ORDERED this 20th day of December, 2013.

BY THIS COURT:

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge