**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**DRAYTON D. BERKLEY,**

               **Plaintiff,**

**v.**                                   **Case 2:12-cv-02642-JTF-cgc**

**DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS TRUSTEE
OF FREMONT HOME LOAN TRUST
2004-1, ASSET BACKED CERTIFICATES
SERIES 2004-1; WEISSMAN,
NOWACK, CURRY & WILCO, P.C.;
and FREMONT HOME LOAN TRUST
2004-1 ASSET BACKED CERTIFICATES
SERIES 2004-1;**

               **Defendants.**

---

**REPORT AND RECOMMENDATION ON DEUTSCHE BANK NATIONAL TRUST
COMPANY AND FREMONT HOME LOAN TRUST'S MOTION FOR SUMMARY
JUDGMENT AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE**

---

Before the Court are the following motions: (1) Defendant Deutsche Bank National Trust

Company, as Trustee of Fremont Home Loan Trust 2004-1, Asset Backed Certificates Series 2004-1

("Deutsche Bank") and Defendant Fremont Home Loan Trust 2004-1, Asset-Backed Certificate

Series 2004-1's ("Fremont") Motion for Summary Judgment (Docket Entry "D.E." #39); (2)

Plaintiff's Motion for Summary Judgment (D.E. #43); and, (3) Plaintiff's "Objection and Motion

1

to Strike" (D.E. #52-2).[1]  The instant motions have been referred to the United States Magistrate Judge.  (D.E. #22).  For the reasons set forth herein, Plaintiff's Motion to Strike is DENIED. Further, it is recommended that Deutsche Bank and Fremont's Motion for Summary Judgment be GRANTED and Plaintiff's Motion for Summary Judgment be DENIED.

**I. Background**

The instant case arises from Plaintiff's allegations regarding the initiation of foreclosure proceedings against his real property.  On July 9, 2012, Plaintiff filed a Complaint for Declaratory Relief, Temporary Restraining Order, Temporary Injunction, Permanent Injunction, and Attorney Fees in the Chancery Court of Shelby County Tennessee for the Thirtieth Judicial District at Memphis.  Plaintiff sets forth the following causes of action: (1) violation of Article I, Section 20 of the Tennessee Constitution against Deutsche Bank and Fremont; (2) lack of standing, lack of ownership or title of the debt, obligations or promissory notes in question, and lack of authority to assign the Deed of Trust against Deutsche Bank and Fremont; (3) assignment of the Deed of Trust without assignment of the Debt, rendering it null and void and Deutsche Bank and Fremont; (4) lack of standing to appoint a substitute trustee or initiate foreclosure proceedings against Deutsche Bank and Fremont; (5) violation of the Tennessee Consumer Protection Act ("TCPA"), Tennessee Code Annotated Section 47-18-104(5), (12), & (27) against Deutsche Bank; (6) violations of the Racketeering and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1341 and § 1343 against Deutsche Bank and Fremont; and (7) malicious libel against Deutsche Bank.  Plaintiff further requests a temporary restraining order, a temporary injunction, and a permanent injunction against

---

[1] Plaintiff's "Objection and Motion to Strike" (D.E. #52-2) was not filed with the Court as a motion but instead as an exhibit to his Response to Deutsche Bank and Fremont's Motion for Summary Judgment.

Deutsche Bank.[2]   On July 19, 2012, Defendants removed to this Court.

On December 16, 2013, Deutsche Bank and Fremont filed their Motion for Summary Judgment (D.E. #39), a Memorandum in Support of their Motion for Summary Judgment (D.E. #40), Plaintiff's deposition transcript as an additional exhibit to their Motion for Summary Judgment (D.E. #41), and their Statement of Undisputed Material Fact (D.E. #42).   On January 13, 2014, Plaintiff filed his Response to Deutsche Bank and Fremont's Motion for Summary Judgment (D.E. #52), which included his Response to Deutsche Bank and Fremont's Statement of Undisputed Material Fact (D.E. #52-1), a Memorandum in Support of Plaintiff's Response (D.E. #52-3), and a document entitled "Objection and Motion to Strike" (D.E. #52-2).   On January 27, 2013, Deutsche Bank and Fremont filed their Reply in Support of their Motion for Summary Judgment (D.E. #53, #55), their Reply to Plaintiff's Response to their Statement of Undisputed Material Fact (D.E. #54), and their Response to Plaintiff's Motion to Strike (D.E. #56).

On December 16, 2013, Plaintiff also filed his own Motion for Summary Judgment and Memorandum in Support thereof (D.E. #43) and his own Statement of Undisputed Material Facts. (D.E. #44).   On January 13, 2014, Deutsche Bank and Fremont filed their Response in Opposition to Plaintiff's Motion for Summary Judgment (D.E. #49) and their Response to Plaintiff's Statement of Undisputed Material Facts (D.E. #50).

## II.  Proposed Findings of Fact

On December 11, 2003, Plaintiff obtained a loan from Fremont, secured by a Deed of Trust,

---

[2]  Deutsche Bank and Fremont state that Plaintiff agreed in his deposition to withdraw or admit as moot several of his pending claims such that the remaining claims are Counts I, II, III, IV, and X.  However, these claims have not been officially been withdrawn before the Court. Thus, the Court will consider all of Plaintiff's claims in this Report and Recommendation.

for the purchase of real property located at 1117 West Red Fern, Cordova, Tennessee. (Defs.' Mot. for Summ. J., Exh. A). The Deed of Trust provides in pertinent part as follows regarding acceleration:

> Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument . . . .

(Defs.' Mot. for Summ. J., Exh. A, ¶ 22). The Deed of Trust provides in pertinent part as follows regarding substitution of trustee:

> Substitute Trustee. Lender, at its option may from time to time remove Trustee and appoint a successor Trustee to any Trustee appointed hereunder by an instrument recorded in the county in which this Security Instrument is recorded.

(Defs.' Mot. for Summ. J., Exh. A, ¶ 24).

Also on December 11, 2003, Plaintiff executed a promissory note ("Promissory Note") to Fremont in the amount of $122,320.00. (Defs.' Mot. for Summ. J., Exh. B, at 1 ¶, 6). The Promissory Note states as follows with respect to Borrower's Promise to Pay: "I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive any payments under this Note is called the 'Note Holder.'" (*Id.* at ¶ 1). The Promissory Note further provides that, if Borrower does not pay the full amount of each monthly payment on the date that it is due, the Borrower will be in default. (*Id.* ¶ 7).

On January 15, 2004, an Assignment of Deed of Trust ("Assignment") was recorded. (Defs.' Mot. for Summ. J., Exh. E). The Deed of Trust was assigned from Mortgage Electronic Registration Systems ("MERS"), as nominee for Fremont, to Deutsche Bank. (*Id.*) On December 21, 2011, Deutsche Bank executed an Appointment of Successor Trustee, which appointed Weissman as successor trustee with regard to the Deed of Trust. (Defs.' Mot. for Summ. J., Exh. G). Plaintiff is

4

not a party to the Assignment.  (Defs.' Mot. for Summ. J., Exh. E).[3]

Plaintiff has admitted that he defaulted on his obligations under the Note and Deed of Trust. (Defs.' Mot. for Summ. J, Exh. C., "Pl.'s Dep.," at 175:21-25).  Plaintiff has admitted that he received "several notices of intent to accelerate throughout the years." (*Id*. at 176:21-24).  Plaintiff has further admitted that he has not made a payment on his mortgage since September of 2011.  (*Id*. at 89:11-23).

### III. Proposed Conclusions of Law

#### a. Motion to Strike

As a threshold matter, Plaintiff has filed an "Objection and Motion to Strike" certain of Defendants' exhibits to their Motion for Summary Judgment.  Rule 56 of the Federal Rules of Civil Procedure requires that summary judgment be supported by "facts as would be admissible in evidence" in a "form that would be admissible in evidence."  Fed. R. Civ. P. 56(c)(2), (4).  "The standard for admissibility is the same at this stage as at trial." *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 250 (1986).

While Plaintiff requests that the documents that he alleges to be inadmissible be stricken, the sole basis for striking a document from the record in the Federal Rules of Civil Procedure is Rule 12(f), which authorizes the Court to strike matters from a pleading.  "Exhibits attached to a dispositive motion are not 'pleadings' within the meaning of [Rule] 7(a) and are therefore not

---

[3] Although Plaintiff states that this fact is disputed because it is "not a material fact per [Tennessee Code Annotated Section 66-26-101] and the void ab initio doctrine," (Pl.'s Response to Defs.' Statement of Undisputed Material Fact ¶ 12), he has not cited to any materials in the record to establish a genuine issue of material fact pursuant to Rule 56(c).  Instead, he has raised a purely legal argument.  Thus, according to Rule 56(e), the Court recommends that this fact be deemed undisputed for purposes of summary judgment.

subject to a motion to strike under Rule 12(f)." *Fox v. Michigan State Police Dep't*, 173 Fed. Appx. 372, 375 (6th Cir. 2006). "Although it is inappropriate to strike affidavits and exhibits from the record, the court may disregard such filings if they are inadmissible for some reason." *Jackson v. Tennessee Dep't of Safety* 3:05-CV-231, 2009 WL 1437570, at *3 (E.D. Tenn. May 21, 2009) (citing *Lombard v. MCI Telecomms. Corp.*, 13 F. Supp. 2d 621, 625 (N.D. Ohio 1998)); *see also Fox*, 173 Fed. Appx. at 372 (concluding that, rather than striking inadmissible exhibits, that the court should decline to consider them).

In the instant case, Plaintiff asserts that certain of Defendants' exhibits constitute inadmissible hearsay. Specifically, Plaintiff claims that the Promissory Note (Def.'s Mot. for Summ. J., Exh. B), the Assignment (Def.'s Mot. for Summ. J., Exh. E), and the October 6, 2011 Notice of Default and Intent to Accelerate (Def.'s Mot. for Summ. J., Exh. F) "lack foundation" pursuant to Rule 803(6) of the Federal Rules of Evidence and are inadmissible hearsay pursuant to Rule 801.


The United States Court of Appeals for the Sixth Circuit has recognized the "verbal acts doctrine," which is based upon the Advisory Committee note to Rule 801(c) of the Federal Rules of Evidence and states in pertinent part as follows:

> If the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay. . . . The effect is to exclude from hearsay the entire category of "verbal acts" and "verbal parts of an act," in which the statement itself affects the legal rights of the parties or is a circumstance bearing on conduct affecting their rights.

*Preferred Properties, Inc. v. Indian River Estates, Inc.*, 276 F.3d 790, 798 n.5 (6th Cir. 2002); Fed. R. Evid. 801(c), Advisory Committee Note. The verbal acts doctrine applies where "legal consequences flow from the fact that words were said, *e.g.*, the words of offer and acceptance which

create a contract." *Preferred Properties*, 276 F.3d at 798 n.5.  In the instant case, under the verbal acts doctrine, the Promissory Note, the 2004 Assignment, and the Notice of Default and Intent to Accelerate are not hearsay.  *See, e.g.*, *KWP Financial I, Inc. v. Harlan*, 100 F.3d 953, 953 (5th Cir. 1996) (concluding that a promissory note is verbal conduct which falls outside the prescription against hearsay); *Kepner-Tregoe, Inc. v. Leadership Software, Inc.*, 12 F.3d 527, 540 (5th Cir. 1994) ("Signed instruments such as wills, contracts, and promissory notes are writings that have independent legal significance and are not hearsay.").  Accordingly, Plaintiff's request that the Court decline to consider these documents for purposes of summary judgment is DENIED.

Next, Plaintiff asserts that the 2011 Appointment of Successor Trustee ("Appointment of Successor Trustee") (Def.'s Mot. for Summ. J., Exh. E) is not relevant pursuant to Rule 401 of the Federal Rules of Evidence because it was "executed in March 2012" but the instant case surrounds a "2004 event."  Rule 401 states that evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action."  Fed. R. Evid. 401.  While Plaintiff states that the Appointment of Successor Trustee is not relevant because of when it was executed, such a statement contradicts the substance of Plaintiff's Complaint.  Specifically, Plaintiff's allegations span from December 2003, when Plaintiff obtained the loan, until July 2012, when the foreclosure of his property was scheduled.  (Pl.'s Compl. ¶¶ 5-12).  Not only does this evidence have temporal relevance to Plaintiff's claims, it also has substantive relevance, as a majority of Plaintiff's claims pertain to Deutsche Bank's authority to appoint Weissman as a successor trustee.  (Compl. ¶¶ 14, 17, 22, 32, 35).  Accordingly, Plaintiff's request that the Court decline to consider this document for purposes of summary judgment is DENIED.

Next, Plaintiff argues that portions of his deposition are not relevant pursuant to Rule 401. Plaintiff was asked if he received several notices of the intent to accelerate through the years, to which he responded, "Uh huh. Sure have." (Pl.'s Dep., D.E. #41, at 176:21-24). Plaintiff asserts that this deposition testimony is "not germane to this foreclosure." However, the Court concludes that, under Rule 401, evidence regarding whether Plaintiff received acceleration notices is relevant to the remedies taken against Plaintiff for failure to comply with the terms of the Deed of Trust. Accordingly, Plaintiff's request that the Court decline to consider this portion of his deposition for purposes of summary judgment is DENIED.

Plaintiff was also asked if he has made any payments on his mortgage since September 2011, to which he responded that he had not. (Pl.'s Dep. at 89:11-26). Plaintiff states that he objects "to any inference that [he] has been in default since September 2011." However, Plaintiff has not disputed that he defaulted on his obligations under the Note and Deed of Trust. (Pl.'s Resp. to Defs' Statement of Undisputed Material Fact ¶ 10). Further, the issue of whether Plaintiff is current on his mortgage obligations is of central importance in this foreclosure matter. Accordingly, the Court finds that this evidence is relevant pursuant to Rule 401.

Finally, Plaintiff argues that his deposition testimony regarding his failure to make payments on his mortgage is inadmissible pursuant to Rule 1001 of the Federal Rules of Evidence. Rule 1001 contains definitions that apply to that Article of Rules; however, it appears that Plaintiff intends to raise a challenge under Rule 1002, which states that "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." Fed. R. Evid. 1002. The precise nature of Plaintiff's Rule 1002 objection is not clear to the Court. In any event, the exhibit of Plaintiff's deposition as submitted for purposes of summary judgment

is stamped as "ORIGINAL" on the cover sheet. Courts have concluded that a deposition marked as an original satisfies Rule 1002. *See In re Boyer*, No. BANKR. 98-34241S, ADV.PROC. 98-3112, 1999 WL 33954735, at *4 (E.D. Va. Aug. 24, 1999); *A.H.D.C. v. City of Fresno, Cal.*, No. CV-F-97-5498OWWSMS, 2000 WL 35810722, at *14 (E.D. Cal. Aug. 31, 2000) ("A true, certified transcript, including an accurate photocopy of a deposition is the best evidence."); *see also Nance v. Wayne Cty.*, 264 F.R.D. 331, 339 n.8 (M.D. Tenn. 2009) (admitting Plaintiff's own deposition testimony over Rule 1002 objection). Accordingly, Plaintiff's request that the Court decline to consider these portions of his deposition for purposes of summary judgment is DENIED.

### b. Cross Motions for Summary Judgment

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Although hearsay evidence may not be considered on a motion for summary judgment, *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 927 (6th Cir. 1999), evidentiary materials presented to avoid summary judgment otherwise need not be in a form that would be admissible at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999). The evidence and justifiable inferences based on facts must be viewed in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 460 (6th Cir. 2001).

Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear

the burden of proof at trial." *Celotex*, 477 U.S. at 322. The moving party can prove the absence of

a genuine issue of material fact by showing that there is a lack of evidence to support the nonmoving

party's case. Id. at 325. This may be accomplished by submitting affirmative evidence negating an

essential element of the nonmoving party's claim, or by attacking the nonmoving party's evidence

to show why it does not support a judgment for the nonmoving party. 10a Charles A. Wright et al.,

*Federal Practice and Procedure* § 2727 (2d ed. 1998).

Once a properly supported motion for summary judgment has been made, the "adverse party

may not rest upon the mere allegations or denials of [its] pleading, but . . . must set forth specific

facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue for trial

exists if the evidence would permit a reasonable jury to return a verdict for the nonmoving party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To avoid summary judgment, the

nonmoving party "must do more than simply show that there is some metaphysical doubt as to the

material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## I. Count I [4]

Count I of Plaintiff's Complaint alleges that the 2006 amendments to Tennessee Code

Annotated Section 35-5-114 violate Article I, Section 20 of the Tennessee Constitution. (Compl.

¶¶ 14-15). Count I further alleges that the provisions of Tennessee Code Annotated Section 35-5-

114 as in effect on December 11, 2003, when Plaintiff purchased the real property, apply to his Deed

of Trust. (*Id.*).

The allegations in Count I pertain almost exclusively to Weissman, which the District Court

---

[4] Beginning with Count VI of Plaintiff's Complaint, the counts are misnumbered in the title but are correct by roman numerals. The Court will utilize the roman numerals to refer to the counts.

has dismissed.[5]  However, Plaintiff alleges that "any and all actions of [Deutsche] Bank or Fremont are void as these entities lack landing [sic] and have no ownership or title of debt, obligations, or promissory notes in question.  Lack of the title to the debt deprives [Deutsche] Bank or Fremont of any authority with regards to the Deed of Trust and in turn deprives Weissman of any authority." (Compl. ¶ 14).  While contained in Count I, these allegations have no relation to Plaintiff's claim for violation of the Tennessee Constitution or Tennessee Code Annotated Section 35-5-114.  Instead, Plaintiff appears to generally challenge the validity of the Deed of Trust, the Promissory Note, the Assignment, and the Appointment of Successor Trustee, although the basis for his claims are not entirely clear.

Pursuant to Rule 56, Plaintiff must demonstrate that there is a genuine issue of material fact as to the lack of validity of these documents, which he contends left Fremont without authority to assign the Deed of Trust to Deutsche Bank and left Deutsche Bank without authority to appoint Weissman as Successor Trustee.  Plaintiff has failed to do so.  Thus, the undisputed evidence in the record is that Plaintiff obtained a loan from Fremont to purchase real property, executed a Promissory Note, and secured the purchase with a Deed of Trust.  The Deed of Trust permitted acceleration due to a breach of any covenant or agreement, and it further provided for appointment of a substitute trustee.  The Promissory Note required monthly payments on the loan and advised that failure to remit timely payments would result in default.  The Promissory Note further permitted that it could be transferred to new Note Holders.

Thus, it is recommended that there is no genuine issue of material fact that the Promissory

---

[5]  Plaintiff admits that he believed that, if the District Court dismissed Count I as to Weissman, that the claim against Deutsche Bank will "go away, because then it falls back on whether Deutsche [Bank] has standing."  (Pl.'s Dep. at 109:23-110:5).

Note was assigned to Deutsche Bank under its terms on January 15, 2004 and Deutsche Bank appointed a successor trustee under the terms of the Deed of Trust on December 11, 2011. Accordingly, it is recommended that Defendants' Motion for Summary Judgment be GRANTED and Plaintiff's Motion for Summary Judgment be DENIED as to Count I.

### ii. Count II

Count II of Plaintiff's Complaint alleges that Weissman, the substitute trustee, has no standing to publish notice of trustee's sale or conduct a foreclosure sale. (Compl. ¶¶ 17-20). Specifically, Plaintiff alleges that no valid appointment of Weissman as substitute trustee had been filed with the Shelby County Register of Deeds prior to the publication of the Notice of Trustee's Sale, which he contends is in violation of Paragraph 24 of the Deed of Trust. (*Id*.). As with Count I, the allegations in Count II pertain almost exclusively to Weissman, which the District Court has dismissed. However, Plaintiff alleges that "any and all actions of [Deutsche] Bank or Fremont are void as these entities lack landing [sic] and have no ownership or title of debt, obligations, or promissory notes in question. Lack of the title to the debt deprives [Deutsche] Bank or Fremont of any authority with regards to the Deed of Trust and in turn deprives Weissman of any authority." (Compl. ¶ 17).

The allegations against Deutsche Bank and Fremont are the same verbatim allegations as contained in Count I. Accordingly, for the reasons set forth above in the Court's consideration of Count I, it is recommended that Defendants' Motion for Summary Judgment be GRANTED and Plaintiff's Motion for Summary Judgment be DENIED as to Count II.[6]

---

[6] As with Count I, Plaintiff admits that he believes that it "would probably be correct" that if Weissman is dismissed, there is no basis for his claims against Deutsche Bank. (Pl.'s Dep. at 148:8-22).

### iii. Count III

Count III of Plaintiff's Complaint alleges that Deutsche Bank and Fremont "do not have valid title or assignee rights regarding in [sic] the promissory notes, underlying debt, and obligations which secure the Deed of Trust. The assignment of the deed of trust without the assignment of the corresponding promissory note, debt, or obligation is a nullity and void." (Compl. ¶ 20). The allegations against Deutsche Bank and Fremont are the same as those contained in Counts I and II. Accordingly, for the reasons set forth above in the Court's consideration of Count I, it is recommended that Defendants' Motion for Summary Judgment be GRANTED and Plaintiff's Motion for Summary Judgment be DENIED as to Count III.

### iv. Count IV

Count IV of Plaintiff's Complaint alleges that Deutsche Bank and Fremont "do not have standing regarding the Deed of Trust" and that, "[l]acking standing these entities had no power to instruct or direct Weissman or any other entity." (Compl. ¶ 22). Once again, the allegations against Deutsche Bank and Fremont are the same as those contained in Counts I, II, and II. Accordingly, for the reasons set forth in the Court's consideration of Count I, it is recommended that Defendants' Motion for Summary Judgment be GRANTED and Plaintiff's Motion for Summary Judgment be DENIED as to Count IV.

### v. Count VIII[7]

Count VIII of Plaintiff's Complaint alleges that Deutsche Bank performed deceptive and unfair acts and practices in violation of the TCPA. (Compl. ¶ 30). Under Tennessee law, "[i]n order

---

[7] The Court will address Counts V-VII, which request injunctive relief, at the conclusion of this Order. *See*, *infra*, Section III.b.viii.

to recover under the TCPA, the plaintiff must prove: (1) that the defendant engaged in an unfair or deceptive act or practice declared unlawful by the TCPA and (2) that the defendant's conduct caused an 'ascertainable loss of money or property, real, personal, or mixed, or any other article, commodity, or thing of value wherever situated . . . .'" *Tucker v. Sierra Builders*, 180 S.W.3d 109, 115 (Tenn. Ct. App. 2005) (quoting Tenn. Code Ann. § 47-18-109(a)(3)).

Plaintiff has alleged the following statutory unfair or deceptive acts or practices: (1) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship approval, status, affiliation or connection that such person does not have, Tenn. Code Ann. § 47-18-104(b)(5); (2) representing that a consumer transaction confers or involves rights, remedies or obligations that it does not have or involve or which are prohibited by law, Tenn. Code Ann. § 47-18-104(b)(12); and, (3) engaging in any other act or practice which is deceptive to the consumer or to any other person, Tenn. Code Ann. § 47-18-104(b)(27).

Upon review of Plaintiff's Complaint, it appears that its sole allegation of Deutsche Bank's wrongdoing stems from Plaintiff's contention that Deutsche Bank did not have the authority to properly appoint Weissman as successor trustee. As the Court has already discussed with respect to Counts I-IV, there is no genuine issue of material fact that Weissman has been duly appointed as successor trustee by the terms of the Deed of Trust. Accordingly, for the reasons set forth in the Court's consideration of Count I, it is recommended that Defendants' Motion for Summary Judgment be GRANTED and Plaintiff's Motion for Summary Judgment be DENIED as to Count VIII.

### vi.  Count IX

Count IX of Plaintiff's Complaint alleges that Deutsche Bank violated RICO.  Specifically, Plaintiff alleges that Deutsche Bank committed mail fraud pursuant to 18 U.S.C. § 1341 and § 1343 with regards to the June 6, 2012 Notice of Foreclosure Sale and the June 22, 2012 and June 29, 2012 Notices of Trustee Sale.  (Compl. ¶¶ 32-33).  Additionally, it is not entirely clear from Plaintiff's Complaint if he seeks to pursue a RICO claim against Fremont, because as he does not make any allegations against Fremont, he does state that Fremont is part of the "RICO Enterprise" or "RICO Operators."  (Compl. ¶ 33).  It appears to the Court that, to the extent Fremont is alleged to be a co-conspirator, that Plaintiff asserts the same claims against it as against Deutsche Bank.

With respect to the alleged mail fraud, Plaintiff alleges that Deutsche Bank and Weissman intentionally misrepresented that the entire debt is due even though Deutsche Bank "lacks standing to appoint a substitute trustee, or to ratify a previous appointment of substitute trustee and no valid notice of default has been mailed to Plaintiff as required by paragraph 22 of the Deed of Trust." (Compl. ¶ 32).  Plaintiff alleges that the notices were "mailed as a classified advertisement (print ad)," published in the "hardcopy version of *The [Daily] News* delivered in the United States Mails (mail)," and published "as a classified ad in the June 22, 2012 and June 29, 2012 internet version (electronic ad) ("wire")" of *The Daily News*.  (*Id.*)

Plaintiff alleges that Deutsche Bank and Weissman "have conducted a pattern of racketeering activity over the course of this matter" and "have utilized letters and print and electronic advertisements similar to the June 6, 2012 letter and the June 22, 2012 and June 29, 2012 print and electronic ads in over one hundred (100) foreclosures in the last two years."  (*Id.*)  Plaintiff alleges that "a large number of these communications intentionally misrepresent that Weissman was a

validly appointed substitute trustee of record and that [Deutsche Bank] owns the debt(s) in a scheme to defraud the homeowners of their rights to strict compliance with the terms of the Deeds of Trust, rights to quiet enjoyment, and right to equity." (*Id.*) Plaintiff states that this "conduct also constitutes a pattern of racketeering activity of the RICO Operators in general . . . ." (*Id.*)

Under the RICO statutes, there are several prohibited activities, as set forth in 18 U.S.C. Section 1962(a)-(d). Plaintiff's Complaint does not specify which provision he alleges that Deutsche Bank and Fremont have violated. However, all prohibited activities under RICO require the commission of, or the conspiracy to commit, a "pattern of racketeering activity." 18 U.S.C. 1962(a)-(d). "Racketeering activity" is defined in 18 U.S.C. Section 1961(1)(B) as "any act which is indictable" under certain provisions of Title 18 of the United States Code, including mail fraud under Section 1341 or wire fraud under Section 1343. 18 U.S.C. § 1961(1)(B). A "pattern of racketeering activity" requires "at least two acts of racketeering activity . . . ." 18 U.S.C. Section 1961(5). When pleading predicate acts of mail or wire fraud, in order to satisfy the heightened pleading requirements of Rule 9(b), a plaintiff must (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent. *Heinrick v. Waiting Angels Adoption Services, Inc.*, 668 F.3d 393, 404-405 (6th Cir. 2012) (quoting *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008)).

Plaintiff has attempted to allege a pattern of racketeering activity by stating that Weissman and Deutsche Bank have utilized similar letters and print and electronic advertisements in over one hundred foreclosures in the last two years. Plaintiff states that a "large number" of these communications "intentionally misrepresent" that Weissman was successor trustee and that

Deutsche Bank owns the debt. Despite these vague allegations, Plaintiff has failed to bring forth any evidence of these prior statements, including who was the speaker, when and where the alleged statements were made, or why the statements were fraudulent.

Further, with respect to the final requirement, it appears that Plaintiff conclusorily alleges that, simply because Weissman has been appointed successor trustee in other cases and because Plaintiff believes that Weissman could not have properly been appointed successor trustee with respect to his debt, that there is necessarily fraudulent conduct in these other matters. However, Plaintiff has not established that a genuine issue of material fact exists either as to whether there was any impropriety of Deutsche Bank appointing Weissman as successor trustee in these prior matters or that any prior letters and print and electronic advertisements regarding those foreclosures were fraudulent. As such, it is recommended that Defendants' Motion for Summary Judgment be GRANTED and Plaintiff's Motion for Summary Judgment be DENIED as to Count IX.

### vii. Count X

Count X of Plaintiff's Complaint alleges that Deutsche Bank committed malicious libel. Specifically, Plaintiff alleges that Deutsche Bank and Weissman knew that (1) neither Deutsche Bank nor Fremont owned the debt; (2) proper notice of acceleration in accordance with paragraph 22 of the Deed of Trust had not been transmitted; (3) Plaintiff's time to respond to the debt validation letter had not expired; and, (4) Weissman had not been properly appointed as substitute trustee. (Compl. ¶ 35). Plaintiff alleges that Deutsche Bank and Weissman, "with knowledge of the foregoing information or with reckless disregard for the truth, published to [Experian], Equifax, and Transunion negative credit information" and published the Notice of Foreclosure Sale in *The Daily News*. (*Id.*) Plaintiff alleges that these "were false publications of facts to third parties that damaged

and will continue to damage" him and "proximately caused him injury . . . ." (*Id.*)

Under Tennessee law, defamation is comprised of the "twin torts" of libel and slander; libel involves written defamation and slander involves spoken defamation. *Brown v. MapCo Exp., Inc.*, — S.W.3d —, No. W 2011-01751-COA-R3-CV, 2012 WL 3590379, at *10 (Tenn. Ct. App. 2012) (citations omitted). To prevail on a claim for defamation, the plaintiff must establish that: (1) a party published the statement; (2) with knowledge that the statement is false and defaming to the other; or, (3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement. *Hibdon v. Grabowski*, 195 S.W.3d 48, 58 (Tenn. Ct. App. 2005) (citing *Sullivan v. Baptist Mem. Hosp.*, 995 S.W.2d 569, 571 (Tenn. 1999)). The basis for an action for defamation is that it "has resulted in an injury to the person's character and reputation." *Id.*

With respect to Plaintiff's allegations that neither Deutsche Bank nor Fremont "owned" the debt, as the Court has recommended as to Counts I-IV and VIII, there is no genuine issue of material fact that Plaintiff took out a loan from Fremont, executed a Promissory Note, and secured the real estate purchase with a Deed of Trust. There is also no genuine issue of material fact that Fremont validly assigned the Deed of Trust to Deutsche Bank under the terms of the Deed of Trust. With respect to Plaintiff's claim that he did not receive notice of acceleration, this assertion is belied by Plaintiff's own admission in his deposition that he received "several notices of intent to accelerate throughout the years."

With respect to the June 6, 2012 "debt validation letter,"[8] it is undisputed in the record that Plaintiff was advised that he must dispute the validity of his debt within thirty days after receipt of the notice. Plaintiff alleges that, because Notice of Trustee's sale was published in *The Daily News*

---

[8] Plaintiff filed the June 6, 2012 Debt Validation Letter as Exhibit D to his Complaint.

on June 22 and June 29, 2012, this constitutes malicious libel. However, the record contains no evidence of the substance of these publications or Deutsche Bank's role in publishing them. Absent such evidence, Plaintiff has failed to establish that a genuine issue of material fact exists as to their falsity and as to Deutsche Bank's reckless disregard for the truth.

Plaintiff further alleges that notification to Experian, Equifax, and Transunion credit agencies constitutes malicious libel. Once again, Plaintiff has not provided any evidence regarding the substance of these notifications or Deutsche Bank's role in providing such information. Absent such evidence, Plaintiff has failed to establish that a genuine issue of material fact exists as to their falsity and as to Deutsche Bank's reckless disregard for the truth.

Finally, with respect to Plaintiff's assertion that Weissman was not validly appointed as successor trustee, the Court has already recommended in its consideration of Count I that there is no genuine issue of material fact as to the validity of his appointment. Further, Weissman's own actions are not the subject of the instant motion, as all claims against Weissman have been dismissed by the District Court. Accordingly, it is recommended that Defendants' Motion for Summary Judgment be GRANTED and Plaintiff's Motion for Summary Judgment be DENIED as to Count X.

### viii. Counts V-VII

Count V of Plaintiff's Complaint seeks a temporary restraining order. Plaintiff alleges that the actions of Deutsche Bank have caused and will cause Plaintiff to suffer immediate and irreparably injury—namely, the loss of Plaintiff's right to the equity in the real property, his quiet enjoyment of the real property, and the loss of his residence. Count VI seeks a temporary injunction and Count VII seeks a permanent injunction, both on the same grounds that Plaintiff seeks a

temporary restraining order in Count V.

To obtain a temporary restraining order or a preliminary injunction, a court must consider four factors: (1) whether the plaintiff has a strong likelihood of success on the merits; (2) whether the plaintiff would suffer irreparable injury without the injunction; (3) whether the issuance of the injunction would cause substantial harm to others; and, (4) whether the public interest would be served by the issuance of the injunction. *Chabad of Southern Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 432 (6th Cir. 2004). If preliminary injunctive relief is granted, it may be converted to permanent injunctive relief. *United States v. McGee*, 714 F.2d 607, 613 (6th Cir. 1982).

As it has been recommended that no genuine issue of material fact exists on any of Plaintiff's claims against Deutsche Bank or Fremont, Plaintiff fails to meet any of the four factors for preliminary or temporary injunctive relief, and thus, cannot seek permanent injunctive relief. Accordingly, it is recommended that Defendants' Motion for Summary Judgment be GRANTED and Plaintiff's Motion for Summary Judgment be DENIED on Counts V-VII. Additionally, Plaintiff obtained a temporary restraining order and/or a temporary injunction from state court. For the same reasons that the Court has already concluded that Plaintiff's Complaint seeking injunctive relief must fail, it is further recommended that the injunctive relief granted on July 12, 2012 in state court be dissolved.

## IV. Conclusion

For the reasons set forth herein, Plaintiff's "Objection and Motion to Strike" is DENIED. Further, it is recommended that Deutsche Bank and Fremont's Motion for Summary Judgment (D.E. #39) be GRANTED and Plaintiff's Motion for Summary Judgment (D.E. #43) be DENIED.

**DATED** this 7th day of March, 2014.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**