IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DRAYTON D. BERKLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:12-cv-02642-JTF-cgc |
| | ) |
| DEUTSCHE BANK NATIONAL | ) |
| TRUST COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ORDER GRANTING DEFENDANTS' DEUTSCHE BANK NATIONAL TRUST
COMPANY AND FREMONT HOME LOAN TRUST MOTION FOR SUMMARY
JUDGMENT
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
ORDER DENYING PLAINTIFF'S OBJECTION AND MOTION TO STRIKE
ORDER OF DISMISSAL**

Before the Court is Defendant's Deutsche Bank National Trust Company, as Trustee of Fremont Home Loan Trust 2004-1, asset backed certificates series 2004-1 ("Deutsche Bank"), and Defendant's Fremont Home Loan Trust 2004-1, Asset-Backed Certificate Series 2004-1 ("Fremont") Motion for Summary Judgment, filed on December 16, 2013 (D.E. #39); Plaintiff Drayton D. Berkley's Motion for Summary Judgment, filed on December 16, 2013 (D.E. #43); and Plaintiff's Objection and Motion to Strike, filed January 13, 2014 (D.E. #52-2). On March 27, 2013, this Court entered an Order Referring all Motions to the Magistrate for Report and Recommendation, pursuant to 28 U.S.C. §§ 631-639. (D.E. #22). On March 7, 2014, the Magistrate entered her Report and Recommendation, recommending that Defendants' Motion for Summary Judgment be granted; Plaintiff's Motion for Summary Judgment be denied; and

1

Plaintiff's Objection and Motion to Strike be denied. (D.E. #58). Plaintiff filed his Objections to the Report and Recommendation on March 21, 2014. (D.E. #59). After reviewing the Magistrate's Report and Recommendation, Plaintiff's Objections, and the entire record, this Court finds that the Objections should be overruled and the Magistrate's Report and Recommendation should be adopted. Thus, Defendants' Motion for Summary Judgment is GRANTED; Plaintiff's Motion for Summary Judgment is DENIED; and Plaintiff's Objection and Motion to Strike is DENIED.

## I. BACKGROUND

This Court adopts and incorporates the thorough analysis of the Magistrate Judge's summary of the background and proposed findings of facts in this case. *See* D.E. #58, at 2-5.

## II. LEGAL STANDARD

A district judge has the discretion to refer dispositive matters to a magistrate judge to conduct a hearing and propose findings of fact and recommendations. 28 U.S.C. § 636(b)(1)(B) ("[A] judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by the judge of court, of any motion excepted in subparagraph (A) [for which a motion for summary judgment, judgment on the pleadings, motion to dismiss, etc. are included]"). The district court judge has the authority to review the magistrate judge's proposed findings of fact and recommendations under a *de novo* determination. *See* 28 U.S.C. § 636(b)(1)(C); *See e.g. Baker v. Peterson*, 67 Fed.App'x. 308, 311, 2003 WL 21321184 (6th Cir. 2003) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."); *U.S. v. Raddatz*, 447 U.S. 667, 676 (1980) (quoting

*Matthews v. Weber*, 423 U.S. 261, 275 (1976) ("in providing for a '*de novo* determination' Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.")

### III. ANALYSIS

The Magistrate Judge recommended that (1) Plaintiff's Objection and Motion to Strike should be denied; (2) Defendants' Motion for Summary Judgment should be granted as to all Counts; (3) Plaintiff's Motion for Summary Judgment should denied as to all Counts; and (4) Plaintiff's temporary restraining order and/or temporary injunction from state court should be dissolved. Plaintiff argues in his Objections that: (1) the Magistrate analyzed Plaintiff's Motion to Strike under an improper conclusion of law; (2) the Promissory Note, the Assignment, and the October 6, 2011 Notice of Default and Intent to Accelerate are inadmissible, and Defendants waived claims of their rights when they failed to file a compulsory counter-claim; (3) the Magistrate's recommendation for the dissolution of the temporary restraining order is improper. However, based on the Magistrate's analysis, Objections, Motions, Responses, and relevant case law, the Court ADOPTS the Magistrates findings and recommendations.

#### A. The Magistrate Judge Properly Analyzed Plaintiff's Objection and Motion to Strike

Fed. R. Civ. P. 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. A "pleading," as defined by Fed. R. Civ. P. 7(a) is: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Generally, motions to strike are disfavored by the court. *See Scott v. The Dress Barn, Inc.*, 2006 WL 870684, *1, No. 04-1298-T/AN, (W.D. Tenn. Mar. 31, 2006). Courts in this

district have specifically clarified that such filings as affidavits and exhibits that accompany pleadings are not subject to Fed. R. Civ. P. 12(f).  *See Scott*, 2006 WL 870684, *1 (C.f. *Fox v. Michigan State Police Dep't*, 173 F. App'x. 372, 374 (6th Cir. 2006)).  Additionally, courts have failed to recognize that motions or responses to motions constitute a "pleading" under Fed. R. Civ. P. 7(a).  *See Rouse v. Caruso*, 2007 WL 209920, *2, No. 06-10961-DT (E.D. Mich. Jan. 24, 2007).

Here Plaintiff filed an Objection and Motion to Strike, which requested that the Court strike certain exhibits proffered by Defendants in support of their Motion for Summary Judgment.  Plaintiff alleges that the Promissory Note, the Assignment, the October 6, 2011 Notice of Default and Intent to Accelerate, the 2011 Appointment of Successor Trustee, portions of his deposition regarding his receipt of the notices of intent to accelerate payments, any inferences about him being in default since September 2011, and portions of his deposition regarding his failure to make payments on his mortgage should be stricken as inadmissible.  The Magistrate found that the above documents: (1) are not "pleadings" under Fed. R. Civ. P. 12(f), (2) are not hearsay, (3) are relevant to the issues in this case, and (4) adhere to all Federal Rules of Evidence standards.

In his Objection to the Magistrate's Report and Recommendation, Plaintiff objects to the Magistrate's proposed conclusions of law regarding the admissibility of the documents.  Plaintiff argues that the Magistrate used an improper standard of review.  He contends that the appropriate standard would be plain error analysis and not the *de novo* standard of review.  However, Plaintiff is incorrect.  As stated above, a district court will apply a clearly erroneous or contrary to law standard for nondispositive matters and a *de novo* standard for dispositive matters.  The admissibility of documents, as a nondispositive matter, falls under the clearly erroneous or

4

contrary to law standard and not the plain error analysis Plaintiff contends. When the Magistrate's proposed conclusions of law are reviewed under the clearly erroneous or contrary to law standard, it is evident that the Magistrate correctly analyzed the admissibility of the documents above. This Court ADOPTS the Magistrate's recommendation. Therefore, Plaintiff's Objection and Motion to Strike is DENIED.

### B. The Magistrate Judge Properly Analyzed the Parties' Cross Motions for Summary Judgment

Fed. R. Civ. P. 56(a) states that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The rules further state that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may . . . (2) consider the fact undisputed for purposes of the motion" or "(3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . ." Fed. R. Civ. P. 56(e)(2)-(3).

The Magistrate recommends that Counts I-X should be dismissed; Defendants' Motion for Summary Judgment should be granted; and Plaintiff's Motion for Summary Judgment should be denied. In his Objections to the Magistrate's findings, Plaintiff argues that Defendants waived their claims when they did not file a compulsory counterclaim. Fed. R. Civ. P. 13(a) states that, "[a] pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises from the same transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction."

Plaintiff gives no legal or factual reasoning as to why Defendants' defenses to Plaintiff's allegations constitute compulsory counterclaims. In their Motion for Summary Judgment, Defendants argue the following: (1) Plaintiff's allegations against Defendants in Counts I & II rely entirely on an agency relationship with Defendant Weissman, so to the extend his claims fail against Defendant Weissman, Nowack, Curry & Wilco, P.C., they also fail against the present Defendants; (2) Defendants are entitled to judgment as a matter of law on Count III because evidence established their requisite standing under the Deed of Trust and Note; (3) Defendants are entitled to judgment as a matter of law on Count IV because as the holder of the Note endorsed in blank, they have established the requisite standing to appoint a substitute trustee and/or initiate foreclosure proceedings; (4) Plaintiff's cannot produce evidence to establish his claim of malicious libel, and as such, Defendants are entitled to judgment as a matter of law; and (5) In the event the Court finds that Plaintiff's claims survive summary judgment, his recovery should be limited by his own admissions.

Defendants are not raising any claims against Plaintiff. Defendants are simply arguing defenses to Plaintiff's allegations. Therefore, this Court finds that Defendants arguments do not constitute compulsory counterclaims. Based on the undisputed evidence in the record and the lack of evidentiary support for Plaintiff's allegations, this Court ADOPTS the Magistrate's recommendation that Plaintiff's Counts should be dismissed in the entirety. Defendants' Motion for Summary Judgment is GRANTED, and Plaintiff's Motion for Summary Judgment is DENIED.

## C. The Magistrate Judge Properly Analyzed that the Injunctive Relief Granted on July 12, 2012 in State Court Should be Dissolved

A preliminary injunction is an "extraordinary measure" that is "one of the most drastic tools in the arsenal of judicial remedies." *ACLU v. McCreary County*, 354 F.3d 438, 444 (6th Cir. 2003) citing *Hanson Trust PLC v. ML SCM Acquisition Inc.*, 781 F.2d 264, 273 (2d. Cir. 1986) and *Detroit Newspaper Publisher's Ass'n v. Detroit Typographical Union No. 18*, 471 F.2d 872, 876 (6th Cir. 1972). Preliminary injunctions should not be granted when the outcome in a case is doubtful or does not fall within well-established principles of law. *Id.* District courts have discretion to grant preliminary injunctions, and a court's "determination will be disturbed only if [it] relied upon clearly erroneous findings of fact, improperly applied the governing law, or used an erroneous legal standard." *Connection Distribution Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998) and *Moltan Co. v. Eagle-Picher*, 55 F.3d 1171, 1175 (6th Cir. 1995)(noting that the Sixth Circuit "will reverse a district court's weighing and balancing of the equities only in the rarest of circumstances").

Permanent injunctions are appropriate for the court to grant as relief to the plaintiff when the plaintiff can demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved." *eBay Inc. v. MercExchange, LLC.*, 547 U.S. 388, 391 (2006). A plaintiff must demonstrate that under the totality of the circumstances, this four-factor test should be weighed in its favor and that a permanent injunction should be granted. *See Smith & Nephew, Inc. v. Synthes (U.S.A.),* 466 F.Supp.2d 978, 982 (W.D. Tenn. 2006).

In his Complaint, Plaintiff requests both preliminary and permanent injunction. Plaintiff received a temporary injunction from the state court prior to the removal of this action to this Court. The Magistrate found that because "no genuine issue of material fact exists on any of Plaintiff's claims against [Defendants], Plaintiff fails to meet any of the [factors for preliminary or permanent injunctive relief]." D.E. #58, at 20. In his Objection, Plaintiff argues that the state court order should not be dissolved. He objects to the Magistrate's recommendation by citing *Chaz Construction, LLC et al. v. Codell, et al.,* 137 Fed.App'x. 735, 743 (6th Cir. 2005), which states that "it is well-settled that [orders or rulings issued by the state court prior to removal] do remain bindings on the parties until formally set aside by the district court." Plaintiff is correct. However, his objection only helps to further support the Magistrate's recommendation and not his own argument against dissolution. Because Plaintiff does not meet any of the requirements set forth for injunctive relief, the Magistrate appropriately recommends that the injunctive relief granted by the state court on July 12, 2012 should be dissolved. As noted in the Magistrate's analysis and the *Chaz Construction, LLC* case cited by Plaintiff, it is within this Court's jurisdiction to dissolve the state court's order. Therefore, this Court ADOPTS the Magistrate's Report and Recommendation and dissolves the injunctive relief granted by the state court.

IV. **CONCLUSION**

For the reasons set forth above, the Court ADOPTS the Magistrate Judge's Report and Recommendation to grant Defendants' Deutsche Bank and Fremont Motion for Summary Judgment, deny Plaintiff's Objection and Motion to Strike, and deny Plaintiff's Motion for Summary Judgment. Therefore, Defendants' Motion for Summary Judgment is GRANTED; Plaintiff's Motion for Summary Judgment is DENIED; Plaintiff's Objection and Motion to Strike is DENIED; and the July 12, 2012 Injunctive Relief Order from state court is

DISSOLVED. Additionally, all of Plaintiff's Objections are OVERRULED. This case is hereby DISMISSED with prejudice.

IT IS SO ORDERED this 5th day of May, 2014.

BY THIS COURT:

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge